UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEPHANIE ELLIS,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C20-5565-SKV

ORDER REVERSING THE COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for a Period of Disability and Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1987, obtained her CNA certification in 2011, and has worked as a CNA, caregiver, cashier, shift supervisor at a car wash, and customer service representative. AR 45-46, 254. Plaintiff was last gainfully employed on September 1, 2017. AR 17.

On October 23, 2017, Plaintiff applied for benefits, alleging disability as of September 1, 2017. AR 187. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 74-109. After the ALJ conducted a hearing on April 18, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 15-31.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since September 1, 2017.

**Step two**: Plaintiff has the following severe impairments: Degenerative disc disease, cervicalgia, spinal abnormalities, obesity, headaches, neuralgia, cannabis dependence, sleep apnea, and depressive disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work that does not require more than occasional stooping, kneeling, crouching, crawling, or climbing; that does not require more than occasional overhead reaching; that does not require concentrated exposure to vibration, pulmonary irritants, or extreme temperatures; and that is low stress meaning it occurs in a moderate or quieter noise environment or that routinely allows the worker to wear hearing protection that reduces the noise level to moderate, it does not require concentrated exposure to hazards, it consists of simple, routine tasks, and it does not require more than occasional interaction.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-31.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

1   On April 30, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 5.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred by rejecting the medical opinion of Allen Millard, M.D., and by discounting her testimony. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Evaluating the Medical Evidence

In assessing Plaintiff's December 2017 applications for benefits, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported by and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c) 416.920c(a)-(c).

The Commissioner argues that the regulations promulgated in 2017 changed the legal standards previously articulated by the United States Court of Appeals for the Ninth Circuit. *See* Dkt. 17 at 4-6. Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject an uncontradicted opinion from a treating or examining doctor, and "specific and legitimate" reasons to reject a contradicted opinion from such doctor. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions. It is not, in any event, clear that the Court's consideration of the adequacy of an ALJ's reasoning under the new regulations would differ in any significant respect. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, No. C20-5083 RAJ, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141,

1154 (9th Cir. 2020). With these regulations and considerations in mind, the Court proceeds to its analysis of the medical evidence in this case.

   1. *Allen Millard, M.D.*

Dr. Millard, Plaintiff's treating provider, opined Plaintiff's migraine headaches required her to lie down more than eighty times per year and would cause her to miss four or more days per month if she were to work forty-hours per week. AR 530-31. The ALJ found Dr. Millard's opinion "not persuasive." AR 27.

The ALJ discounted Dr. Millard's opinion as "inconsistent with the clinical findings of treatment providers including treating neurologists" and "inconsistent with the essentially unremarkable diagnostic imaging of the brain and cervical spine." AR 27-28. These reasons are legally erroneous, as the ALJ does not have the expertise to evaluate what clinical findings are necessary to corroborate the existence or intensity of migraine headaches, particularly when the cause of migraines is generally unknown. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Johnson v. Saul*, No. 2:18-cv-226-EFC, 2019 WL 4747701, at *4 (E.D. Cal. Sept. 30, 2019) (noting that "the cause of migraine headaches is generally unknown"); *Spiteri v. Colvin*, No. 3:16-CV-01937-LB, 2016 WL 7425924, at *11 (N.D. Cal. Dec. 23, 2016) ("there is no test for migraine headaches"); *Groff v. Comm'r of Soc. Sec.*, No. 7:05-CV-54, 2008 WL 4104689, at *8 (N.D.N.Y. Sept. 3, 2008) ("there exists no objective clinical test which can corroborate the existence of migraines") (citing *The Merck Manual* 1376 (17th ed. 1999)). The ALJ accordingly erred by discounting Dr. Millard's opinion on this ground.

The ALJ also discounted Dr. Millard's opinion as "primarily based on the claimant's subjective report of symptoms and limitations." AR 28. This finding is similarly legally

erroneous, as "[a] diagnosis of migraines is dependent upon the patient's description of symptom patterns and the ruling out of other conditions." *Groff*, 2008 WL 4104689, at *8. Here, "[t]here is nothing in the record to suggest that [Dr. Millard] disbelieved [Plaintiff's] description of her symptoms," *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200 (9th Cir. 2008), and the record reflects Plaintiff's medical providers sought to rule out "other conditions." *See, e.g.*, AR 348, 387, 392. The ALJ accordingly erred by discounting Dr. Millard's opinion on this ground.

### B. The ALJ Erred by Discounting Plaintiff's Testimony

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms she alleged and therefore was required to provide "specific, clear, and convincing" reasons supported by substantial evidence to discount her testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified "she stopped working because of worsening migraines and occipital neuralgia," "she had headaches several times a day," and "she had chronic migraines and headaches since she was a child." AR 20. The ALJ further indicated Plaintiff "testified the peak of her migraines lasted 12 hours on average, but could go on for 24 to 48 hours … [and] that during these episodes she experienced sickness including vomiting," and "testified the severity of her migraines got to this degree about once a week currently, but used to be 2 to 3 times a week (about six months ago)." AR 20-21.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. However, because the ALJ erred by discounting the opinion of Dr. Millard, as discussed above, and the medical evidence must therefore be reevaluated, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with her activities. Among other things, the ALJ indicated "[s]he reported taking care of her pets (two dogs and one cat). She was independent in her self-care. She reported preparing her own meals daily. She reported performing household chores such as sweeping, cleaning bathrooms, laundry, dusting … She reported shopping in stores bi-weekly." AR 26. Substantial evidence does not support this ground. The minimal activities the ALJ cites do not undercut Plaintiff's claims. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Third, the ALJ discounted Plaintiff's testimony as inconsistent with her work as a customer service representative that occurred "after the alleged onset date." AR 26. The ALJ found Plaintiff was able to "perform this work with some degree of success during an alleged period of disability[.]". AR 27. Substantial evidence does not support this ground. The record reflects Plaintiff reported using intermittent FMLA leave "due to the severe effects of her physical and mental conditions" and being "able to work at most 4 hours per day 1 day per week[.]". AR 211. Plaintiff's work history during this period is thus *consistent* with her testimony. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony based on "inconsistent reports of her marijuana use." AR 27. This is not a valid ground on which to discount Plaintiff's testimony. *See* SSR 16-3p (in evaluating symptom testimony, adjudicators focus on supportability of alleged limitations, not an assessment of "overall character or truthfulness"). Nevertheless, assuming, *arguendo*, this was a valid ground, "one weak reason" – even if supported by substantial evidence – "is insufficient to meet the 'specific, clear and convincing' standard" for discounting a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (quoting *Molina*, 674 F.3d at 1112). Plaintiff's marijuana usage neither is probative of her allegations nor does it "undermine[] [Plaintiff's] complaints." *See Lester*, 81 F.3d at 834. The ALJ accordingly erred by discounting Plaintiff's testimony.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Dr. Millard's opinion and Plaintiff's testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Dated this 7th day of July, 2021.

S. KATE VAUGHAN
United States Magistrate Judge